**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1572-16T3

LORENZO RICHARDSON,

    Petitioner,

v.

VIDYA GANGADIN, BOARD OF
EDUCATION PRESIDENT and
RAMON RIVERA, BOARD ATTORNEY,

    Respondents,

and

THE JERSEY CITY EDUCATION
ASSOCIATION, RONALD F.
GRECO, JR., MONIQUE K.
ANDREWS and ELLEN ZADROGA,

    Petitioners-Appellants,

v.

THE BOARD OF EDUCATION OF THE
CITY OF JERSEY CITY and
DR. MARCIA V. LYLES,

    Respondents-Respondents.

_____

Argued May 23, 2018 — Decided June 25, 2018

Before Judges Koblitz, Manahan and Suter.

On appeal from the Commissioner of the New Jersey Department of Education, Docket Nos. 62-2/16 and 85-3/16.

Albert J. Leonardo argued the cause for appellants Jersey City Education Association, Ronald F. Greco, Jr., Monique K. Andrews and Ellen Zadroga (Bucceri & Pincus, attorneys; Louis P. Bucceri, of counsel; Albert J. Leonardo, on the brief).

Perry L. Lattiboudere argued the cause for respondent Board of Education of the City of Jersey City (Adams, Gutierrez & Lattiboudere, LLC, attorneys; Perry L. Lattiboudere, of counsel and on the brief; Ruby Kumar-Thompson, on the brief).

Stephen J. Edelstein argued the cause for respondent Dr. Marcia V. Lyles (Schwartz, Simon, Edelstein & Celso, LLC, attorneys; Stephen J. Edelstein, of counsel and on the brief; Stephen M. Bacigalupo and Aimee S. Weiner, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent Commissioner of Education (Lori Prapas, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Petitioners Jersey City Education Association, Ronald F. Greco, Jr., Monique K. Andrews and Ellen Zadroga (collectively petitioners) appeal from a final decision of the Commissioner of Education (Commissioner) dismissing the petition. The petitioners sought to enjoin the Jersey City Board of Education (Board) from renewing the contract of Dr. Marcia V. Lyles as Superintendent of Schools (superintendent). We affirm.

We recite the facts and procedural history relevant to our decision. In August 2012, the Board entered into a contract of employment with Dr. Lyles for the position of superintendent. The contract's term was through June 30, 2016, and included a renewal/non-renewal provision. That provision provided in pertinent part:

> The parties agree that prior to October 31, 2015, the [s]uperintendent shall notify the Board of her desire to extend her employment on the terms offered or upon other terms upon which the parties may agree. The Board agrees that by December 31, 2015[,] it shall notify the [s]uperintendent in writing whether it desires to renew this Agreement for an additional period of time, and of the terms and conditions proposed for that period. Failure to notify the [s]uperintendent by that date of an intention to renew will mean that an offer of renewal is not being made.

N.J.S.A. 18A:17-20.1 provides for a superintendent's automatic reappointment unless "the [B]oard notifies the superintendent in writing that he will not be reappointed at the end of the current term." The statute provides a formula to determine the deadline by which the Board shall provide such notice, which was undisputed to be 120 days prior to the expiration of the contract.

On December 17, 2015, the Board's attorney advised the Board that notice of non-renewal had to be given to Lyles by December 31, 2015, or her contract would be deemed automatically renewed

A-1572-16T3

by operation of N.J.S.A. 18A:17-20.1. Notwithstanding, the Board took no action with regard to the renewal or non-renewal of Lyles' contract prior to March 2, 2016.

On March 14, 2016, petitioner filed a petition with the Commissioner challenging Lyles' continued employment. After the Board and Lyles filed motions to dismiss the petition in lieu of an answer, the matter was transferred to the Office of Administrative Law. The Administrative Law Judge (ALJ) issued an order consolidating the instant matter with a related petition filed by Lorenzo Richardson, which also challenged the renewal of the contract.[1] Motions for summary decision and opposition thereto were filed. The ALJ issued an initial decision granting the Board's and Lyles' motions for summary decision and recommending the dismissal of the petition with prejudice. Petitioners filed exceptions to which the Board and Lyles responded. The Commissioner adopted the ALJ's findings and his initial decision dismissing the petition.

On appeal, petitioners raise the following arguments:

POINT [I]

LYLES' CONTRACT PROVIDED NOTICE OF NON-RENEWAL IN ACCORDANCE WITH N.J.S.A. 18A:17-20.1 WHICH THUS PROHIBITED HER AUTOMATIC RENEWAL AND THE COMMISSIONER'S DETERMINATION THAT HER

---

[1] Richardson has not filed an appeal.

CONTRACT DID NOT SERVE AS WRITTEN NOTICE IS
ENTITLED TO NO DEFERENCE.

> A. Lyles' contract and other actions
> by the Board provided her with
> notice of her non-renewal, contrary
> to the Commissioner's plainly
> erroneous application of N.J.S.A.
> 18A:17-20.1 and basic principles of
> contract law.

> B. The contract between the Board
> and Lyles is valid and even
> assuming, arguendo, that its
> provision on renewal is invalid,
> that provision is severable from the
> non-renewal provision because the
> non-renewal provision would not and
> did not bind a successor Board.

> C. Lyles is serving in the position
> of [s]uperintendent illegally
> because the Board took no action to
> renew her employment.

POINT [II]

LYLES MUST BE REMOVED FROM HER POSITION AS
SUPERINTENDENT BECAUSE THE BOARD'S FAILURE TO
LEGALLY APPOINT HER VOIDS HER ABILITY TO SERVE
AS SUPERINTENDENT.

The scope of our review in an appeal from a final decision of an administrative agency is limited. Russo v. Bd. of Trs., 206 N.J. 14, 27 (2011) (citing In re Herrmann, 192 N.J. 19, 27 (2007)). The agency's decision should be upheld unless there is a "clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." Ibid. (quoting Herrmann, 192 N.J. at 27-28). We are not, however, bound by the "agency's

interpretation of a statute or its determination of a strictly legal issue." Ibid. (quoting Mayflower Sec. Co. v. Bureau of Sec., 64 N.J. 85, 93 (1973)).

Public employees and their employers may not agree to contractual terms that contravene a specific term or condition of employment set by a statute. Rita Spiewak, et al. v. Bd. of Educ. of Rutherford, et al., 90 N.J. 63, 76 (1982). N.J.S.A. 18A:17-20.1[2] governs the reappointment of superintendents, and provides (in pertinent part) that:

> At the conclusion of the term of the initial contract or of any subsequent contract as hereinafter provided, the superintendent shall be deemed reappointed for another contracted term of the same duration as the previous contract unless . . . . b. the [B]oard notifies the superintendent in writing that he [or she] will not be reappointed at the end of the current term, in which event his [or her] employment shall cease at the expiration of that term, provided that such notification shall be given prior to the expiration of the first or any subsequent contract by a length of time equal to [thirty] days for each year in the term of the current contract.

---

[2] The statute was originally enacted in connection with the abolition of lifetime tenure for superintendents appointed after August 24, 1991, as a means of promoting stability of employment. Gonzalez v. Bd. of Educ. of Elizabeth Sch. Dist., 325 N.J. Super. 244, 253-54 (App. Div. 1999). This section was modified to its current form in 2008, and previously required one year's notice of non-renewal. L. 2008, c. 106, § 1.

Here, the contract of employment terms may neither substitute nor override the statutorily required written notice. To the contrary, the Legislature's express mandate requires Boards of Education to provide superintendents with an affirmative, timely declaration of non-renewal in writing.

Since Lyles' contract spanned four years, the applicable statutory formula required the Board to provide her with written notification of non-renewal by March 2, 2016. As noted above, it is without dispute the Board did not issue a formal written notice of non-renewal to Lyles within the statutory timeframe. It follows, as the Commissioner decided and we agree, the renewal of Lyles' contract occurred by operation of law.

Petitioners' remaining arguments, not specifically addressed herein, lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1572-16T3